

FILED
CLERK, U.S. DISTRICT COURT

12/08/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____C. Wynn_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BRUCE DAVID KOKLICH,                    )   Case No. CV 09-1648 SVW (JCG)
                                        )
                Petitioner,             )   ORDER ACCEPTING REPORT AND
                                        )   RECOMMENDATION OF UNITED STATES
        v.                              )   MAGISTRATE JUDGE AND DENYING
                                        )   CERTIFICATE OF APPEALABILITY
JAMES YATES, Warden,                    )
                                        )
                Respondent.             )
                                        )
_____       )

        Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the

Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and

Recommendation, and the remaining record, and has made a *de novo* determination.

        Petitioner's Objections generally lack merit for the reasons set forth in the Report and

Recommendation.  There are two issues, however, that warrant brief amplification here.

        First, Petitioner claims in his Objections that the Court has misconstrued his claims

and refers the Court back to his Amended Petition as proof of the claims he presented to

the Court.  (Obj. at 1, 4, 12, 22, 36.)  The Court notes that Petitioner's claims have evolved

throughout this litigation, not always for reasons within Petitioner's control.  Yet, Petitioner

informed this Court in his June 15, 2010 Memorandum that his response to Respondent's

Answer "may be viewed by the Court as both an initial statement of all of Petitioner's

underlying claims and a reply to the Attorney General's opposition brief."  (Mem. at 5.)

Based on this representation, the Court analyzed Petitioner's claims as they were presented

1  in his Reply to the Answer.  Petitioner cannot now change his mind about which pleading he

2  wishes the Court to consider.

3        Next, Petitioner proposes that the better framework for considering the prosecutor's

4  reference to Petitioner's retention of counsel is that of prosecutorial misconduct generally,

5  rather than a directed analysis of the case law related to such a factual scenario.  (Obj. at 1-

6  2, 12-13.)  This is because, as Petitioner acknowledges, there is no clearly established

7  Supreme Court precedent finding prosecutorial misconduct under factually analogous

8  circumstances.  (*Id.* at 13.)  However, a claim cannot be saved from a lack of clearly

9  established Supreme Court precedent by reference to a general legal framework.  *See*

10  *Vasquez v. Kirkland*, 572 F.3d 1029, 1036-38 (9th Cir. 2009) (despite analytical framework

11  for alleged confrontation clause violations, federal habeas relief not warranted where there

12  were no factually analogous Supreme Court decisions finding a confrontation clause

13  violation).

14        Nevertheless, even if the Court were to analyze Petitioner's argument as one of

15  generalized prosecutorial misconduct, his claim still fails.  As explained in the Report and

16  Recommendation, the Court found that the prosecutor's statements did not have a

17  "substantial or injurious effect or influence on the jury's verdict."  (R&R at 30-31 (quoting

18  *Brecht v. Abrahamson*, 507 U.S. 619 (1993).)  This conclusion is fatal to a claim that the

19  prosecutor's statements warrant federal habeas relief under a generalized prosecutorial

20  misconduct theory.  *See Shaw v. Terhune*, 380 F.3d 473, 478 (9th Cir. 2004) (prosecutorial

21  misconduct which rises to the level of a due process violation warrants habeas relief only if

22  the misconduct is deemed prejudicial under *Brecht*).

23        Accordingly, IT IS ORDERED THAT:

24       1.    The Report and Recommendation is approved and accepted;

25       2.    Judgment be entered denying the First Amended Petition and dismissing this

26             action with prejudice; and

27       3.    The Clerk serve copies of this Order on the parties.

28        Additionally, for the reasons stated in the Report and Recommendation, the Court

finds that Petitioner has not made a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate of appealability.

DATED: December 8, 2014

_____
HON. STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE